UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAYSHAWN WILLIAMS, a/k/a )
Abdur Rahim Muhammad, )
 )
       Plaintiff, )
 )
v. ) No.: 3:24-CV-3-DCLC-DCP
 )
KNOX COUNTY SHERIFF'S OFFICE, )
CPL. RICKMAN, )
CHIEF COX, and )
CHAPLAIN JEFF HUNTER, )
 )
       Defendants. )

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner housed in the Knox County Detention Facility, filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed without prepayment of fees [Doc. 4]. For the reasons set forth below, the Court will **DISMISS** the complaint for failure to state a claim upon which relief may be granted.

**I.    MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

It appears from Plaintiff's motion [Doc. 4] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

2

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

While Plaintiff was housed at the Knox County Detention Facility, Chaplain Jeff Hunter provided Plaintiff with a "plain English" copy of the Quran [Doc. 1 p. 7]. Plaintiff "wasn't please[d] with the authen[t]icity of the author of [Chaplain Hunter's] Qu[]ran[,]" so he placed an order for an "authen[t]ic" one from an Islamic bookstore [*Id.*]. But on December 11, 2023, the Knox County Detention Facility and Corporal Rickman rejected the ordered Quran because it came from a bookstore [*Id.* at 3–4, 6]. Plaintiff asked Chaplain Jeff Hunter "to look into it[,]" and "he said he did but still refuse[d] to get [Plaintiff's] Quran" [*Id.* at 4]. In his Inmate Mail Rejection Notice, Plaintiff was advised that Chaplain Hunter would provide him a copy of the Quran [*Id.* at 6]. Plaintiff appealed the rejection, arguing that the bookstore was an "authorized publisher[,]" and that he ha[d] the right to order [his] own" copy of the Quran [*Id.* at 7]. Plaintiff's appeal was rejected on December 12, 2023, with the following note: "This Qur[]an did not come from a publisher as required by policy. You can google 'publishers' tha[t] sell Qur[]ans [and] order from one of them" [*Id.* at 8].

Aggrieved, Plaintiff filed this civil rights suit against the Knox County Sheriff's Office, Corporal Rickman, Chief Cox, and Chaplain Jeff Hunter [*Id.* at 3]. As relief, Plaintiff asks the

3

Court to order Defendants to give him his "religious mail" and prevent Defendants from denying Plaintiff his "right to practice [his] faith" [*Id*. at 5].

**C.     Analysis**

Plaintiff maintains that Defendants' actions "violated [his] constitutional rights to practice [his] faith freely without a burden" [*Id*. at 4]. Such allegations implicate the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia, Penn.*, 593 U.S. ___, 141 S. Ct. 1868, 1876 (2021). To safeguard that right, prisons must allow prisoners a reasonable opportunity to exercise their faith. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). However, "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Specifically, a prisoner's rights may be reasonably restricted to accommodate "legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

To establish a free exercise violation, Plaintiff must establish that (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations omitted). But to be actionable, Defendants' infringement must place "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). And "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A burden is substantial where it (1) forces an individual

4

to choose between following the tenets of his religion and foregoing governmental benefits or (2) places "substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Id*. at 734.

RLUIPA "applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)). To state a claim under RLUIPA, a prisoner bears the initial burden to show (1) his "desired religious exercise is motivated by a 'sincerely held religious belief' and (2) the government is substantially burdening that religious exercise." *Ackerman v. Washington*, 16 F.4th 170, 179 (6th Cir. 2021) (citing *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019)). "If the prisoner successfully shows the state substantially burdens a sincere religious belief, the burden shifts to the government to justify the burden on the religious adherent under the 'daunting compelling interest and least-restrictive-means test,' with a slight twist." *Id*. (quoting Cavin, 927 F.3d at 458). The "twist" is that "[c]ourts must give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Id*. at 179–80 (citing *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)).

Because maintaining security and order are paramount goals of a corrections system, prison officials are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 546–47 (1979). According to Plaintiff's submissions, the Knox County Sheriff's Office has a policy that inmates must order books directly

5

from publishers [Doc. 1 p. 6, 7]. And "[i]t is well established that prison officials may limit a prisoner's receipt of publications to authorized vendors." *Percival v. McGinnis*, 24 F. App'x 243, 247 (6th Cir. 2001) (citing *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 103–04 (6th Cir. 1991)). Accordingly, Defendants did not violate Plaintiff's constitutional rights by refusing to allow a book into the facility that was not ordered directly from a publisher.

Additionally, Plaintiff was provided a copy of the Quran by Chaplain Hunter [Doc. 1 p. 6, 7]. Plaintiff has not set forth any facts from which the Court could plausibly infer that Plaintiff's religious beliefs or practices were substantially burdened merely because he did not like the translation of the Quran he was provided by prison officials. Therefore, Plaintiff has failed to state a cognizable claim under § 1983 or RLUIPA, and Plaintiff's complaint will be **DISMISSED** for failure to state a claim.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing Plaintiff's complaint, it will be **DISMISSED** for failure to state a claim upon which relief may be granted; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge